■ BERKSHIRE CHEMICALS, INC., Appellant, v. LLOYD'S UNDERWRITERS et al., Defendants-Respondents and Third-Party Plaintiffs; DELOS MARITIME Co., LTD., Third-Party Defendant.— Order, Supreme Court, New York County, entered on November 10, 1971, denying plaintiff's motion for summary judgment as to liability, reversed, on the law, and the motion granted to provide for an assessment of damages. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Plaintiff shipped from Bremen, Germany, to Tampa, Florida, kieserite, a commercial fertilizer similar to potash. On arrival and unloading, a portion of the cargo from one "hold" was free of damage, but from another "hold" it was found to have solidified due to moisture. A pool of water was discovered on that portion of the floor. Plaintiff established the good condition of the cargo when loaded, good weather conditions during the loading, the issuance of a clean bill of lading, damage in one of the holds in which the pool of water was located, and delivery of damage-free cargo from the other hold. In ths action to recover under policies of cargo insurance, defendants raised an issue as to the cause of the moisture, speculating that there may have been water in the cargo before it was loaded, and relying on an exclusion clause in the policy for "inherent vice or nature of the subject matter". Mere speculation is insufficient to defeat a motion for summary judgment. (*Breger* v. *Hampshire Country Club*, 30 A D 2d 526, affd. without opn. 23 N Y 2d 958.) As against the affirmative showing by the plaintiff, the underwriters' attempt to erect a gossamer shield inherently will not hold water. (*Jersey Cent. Power & Light Co.* v. *Westinghouse Elec. Corp.*, 38 A D 2d 283.) Concur — Stevens, P. J., Markewich, Kupferman and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: Special Term was correct in exercising caution as to this motion by the plaintiff, and I would affirm. The policy excluded damage caused by "inherent vice or the nature of the subject matter". And the defendant has generated a sufficiency of doubt as to whether or not the cause of the damage was due to an event that existed prior to the coverage; and if the cause was due to an in-dwelling fault that had pre-existed, the underwriters are not answerable, even though the policy be "all risk". (*Greene* v. *Cheetham*, 293 F. 2d 933.) The cases cited by the majority, *Breger* v. *Hampshire* and the *Jersey Central* decision, are based on entirely different factual backgrounds. The case before us justifies the consideration of expert testimony in support of the defense, both the opinions of experts before us and the

further affidavits and disclosure that defendant requests. And in summary judgment, if there be any real doubt as to the existence of an issue, there can be no doubt the motion must be denied. (*Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 404; *Falk* v. *Goodman*, 7 N Y 2d 87, 91; *Stone* v. *Goodson*, 8 N Y 2d 8, 12; *Glick & Dolleck* v. *Tri Pack Export Corp.*, 22 N Y 2d 439.) Settle order on notice, providing for severance of third-party action.