■ EDWARD J. WILSON, an Infant, et al., Respondents-Appellants, v JOHN F. McCARTHY et al., Respondents, and JEROME SCHWARTZ, Appellant-Respondent.—In a medical malpractice action, (1) defendant Jerome Schwartz appeals from so much of an order of the Supreme Court, Nassau County, dated December 15, 1976, as, upon granting his motion for renewal of a prior determination, directed him to appear for a further examination before trial, and (2) plaintiffs appeal from so much of another order of the same court, dated September 29, 1976, as denied the branches of their cross motion which sought (a) disclosure of the names of witnesses to be called at the trial and (b) an exchange of certain expert medical reports. Order dated December 15, 1976 affirmed insofar as appealed from. The examination before trial of defendant Schwartz shall proceed at the place designated in the said order, at a time to be fixed by plaintiffs in a written notice of not less than 10 days, or at such other time and place as the parties may agree. Order dated September 29, 1976 reversed insofar as appealed from, and the said branches of plaintiffs' cross motion are granted. Defendants' time to supply the names of witnesses and the experts' reports is extended until 20 days after entry of the order to be made hereon. Plaintiffs are awarded one bill of $50 costs and disbursements, payable by defendant Schwartz, to cover both appeals. Defendant Schwartz is the chief of the obstetrics department of the defendant hospital, and has been delegated procedural and rule-making authority over the medical conduct of all doctors practicing in the said department. The first cause of action alleges that all of the defendants committed malpractice in their failure to treat, and in their treatment of, the infant plaintiff and his mother. This cause of action is broad enough to permit questions as to the precise treatment given to the mother and the unborn child, and the procedures applying thereto. Defendant Schwartz could be examined as to his expert opinion concerning the treatment and, in addition, as to whether the applicable procedures were adequate in the instant case, or, although adequate, were inadequately followed. Thus, because of his authority to establish procedures, defendant Schwartz, under the pleadings as drawn, may be held liable for treatment not personally given by him to the patient. The doctrine enunciated in *McDermott v Manhattan Eye, Ear & Throat Hosp.* (15 NY2d 20), as enlarged by this court in *Johnson v New York City Health & Hosps. Corp.* (49 AD2d 234), supports our conclusion that questions such as those to be posed by plaintiffs' counsel in an examination before trial may roam far and wide, and may be posed for the purpose of eliciting information calculated to lead to relevant evidence. It furthermore appears that the arguments made by defendant Schwartz were decided adversely to him in a previous appeal *(Wilson v McCarthy,* 53 AD2d 860). As to plaintiffs' separate appeal, an exchange of medical reports and the disclosure of the names of expert witnesses who have examined the infant plaintiff, and who will be called at the trial, is mandated by section 672.8 of the rules of this court (22 NYCRR 672.8). The disclosure of the names of witnesses to the treatment given the patient is also required under the holding of *Zellman v Metropolitan Transp. Auth.*

(40 AD2d 248). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.