■ Madeline Buonagurio, as Administratrix of the Estate of Francis Buonagurio, Deceased, et al., Appellants, v Eugene E. Drago, Respondent, et al., Defendants.—Appeal from a judgment of the Supreme Court at Special Term, entered July 7, 1977 in Schenectady County, upon an order of the same court which granted defendant Drago's motion for summary judgment dismissing the complaint. Plaintiff commenced a medical malpractice action against defendant Drago and others, alleging that they failed to diagnose and treat the decedent with due care. Defendant Drago was included as a defendant solely because his name appears printed in the lower right-hand corner of each of two pages of an electrocardiogram report prepared following tests performed on decedent at defendant Ellis Hospital. Special Term granted defendant Drago's motion for summary judgment dismissing the complaint against him and this appeal ensued. In his affidavit, Dr. Drago states that based upon a review of his records and his personal recollection he never examined, diagnosed or treated the decedent. Defendant Shankar's affidavit states that he prepared the electrocardiogram reports in question, that his signature appears on that report and that to the best of his knowledge the statements contained in Dr. Drago's affidavit are true. Since defendant Drago submitted direct evidence on his motion for summary judgment that he neither diagnosed nor treated decedent, it was incumbent upon plaintiff to submit evidentiary facts or materials rebutting the prima facie showing that defendant Drago was not the decedent's physician and demonstrating the existence of a triable issue *(Siegel v City of New York,* 39 AD2d 598). Counsel's affidavit in opposition, insofar as it

reiterates the allegations of the complaint, clearly fails to meet this obligation (*Indig v Finkelstein,* 23 NY2d 728), and mere speculation as to defendant Drago's liability under the theories of *respondeat superior* and vicarious liability is insufficient to defeat a motion for summary judgment (*Berkshire Chems. v Lloyds Underwriters,* 40 AD2d 792). Similarly, since plaintiff has submitted no evidentiary facts or materials inconsistent with the facts alleged in the affidavits submitted by defendants Drago and Shankar, plaintiff's contention that there is a question of credibility is meritless. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.