■ EUGENE E. DRAGO, Appellant, v MADELINE BUONAGURIO, Individually and as Administratrix of the Estate of FRANCIS BUONAGURIO, Deceased, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered July 9, 1981 in Schenectady County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Plaintiff, a medical doctor, was previously sued by defendant for malpractice in allegedly causing the death of defendant's husband. That action resulted in summary judgment dismissing the complaint for failure to state a cause of action (*Buonagurio v Drago*, 65 AD2d 830, mot for lv to app den 46 NY2d 708). In the present action, plaintiff seeks to recover for alleged physical and emotional damages resulting from the malpractice action. Although this action was originally brought against the defendant and her attorney, it was dismissed as against the attorney on a prior motion (*Drago v Buonagurio*, 89 Misc 2d 171, revd 61 AD2d 282, revd 46 NY2d 778). Special Term granted defendant's motion to dismiss the complaint for failure to state a cause of action and this appeal ensued. Plaintiff argues on this appeal that the complaint states causes of action in negligence and prima facie tort. Basically, the complaint alleges that defendant instituted the malpractice action maliciously and without reasonable evidence to support the allegations of liability and damage. In the malpractice action, however, this court found that the present plaintiff "was included as a defendant solely because his name appears printed in the lower right-hand corner of each of two pages of an electrocardiogram report prepared following tests performed on decedent at * * * Ellis Hospital" (*Buonagurio v Drago*, 65 AD2d 830, *supra*). This finding, binding on plaintiff herein, demonstrates that reasonable evidence existed to include plaintiff as a defendant in the malpractice action. Based upon examination of the entire record, we conclude that plaintiff cannot prevail on a cause of action in negligence. Defendant's reliance on the electrocardiogram report also negates plaintiff's allegation that she acted solely out of a malicious disregard of plaintiff's rights. We are of the opinion that on the present record Special Term properly dismissed the complaint for failure to state a cause of action in prima facie tort (see *Belsky v Lowenthal*, 62 AD2d 319, affd 47 NY2d 820). The order, therefore, must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.