■ ARCY PAINT CO., INC., Appellant, v CHARLES RESNICK et al., Respondents.—In an action, inter alia, for specific performance of an option to purchase real property and to recover damages for fraud, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Ain, J.), entered November 26, 1986, which, inter alia, (1), in granting partial summary judgment to the plaintiff on its first cause of action, failed to reject the defendants' appraisal, and (2), upon the cross motion of the defendants Vincent and Guiseppina Carusone, in which the defendant Resnick joined, dismissed the second and third causes of action with prejudice. The notice of appeal from an order of the Supreme Court, Nassau County (Ain, J.), dated June 26, 1986, is treated as a premature notice of appeal from the judgment.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents Resnick and Carusone appearing separately and filing separate briefs.

In September 1983 the plaintiff and the defendant Resnick

entered into an option agreement giving the plaintiff the right to purchase property in Lynbrook, New York. The price was to be determined on the average of three appraisals. Each party was to retain an appraiser and, in turn, the appraisers were to retain a third appraiser. In September 1984 Resnick sold the property to the defendants Carusone subject to the option agreement. The plaintiff then exercised its purchase option in November 1984. The parties each obtained their own appraisals according to the agreement but a third appraiser was never appointed. The plaintiff sued, *inter alia,* for specific performance of the option agreement.

The Supreme Court granted the plaintiff's motion for partial summary judgment to the extent of appointing a third appraiser, but failed to sustain the plaintiff's challenge to the adequacy of the defendants' appraisal. It also granted a cross motion by the defendants Vincent and Guiseppina Carusone to dismiss the plaintiff's second and third causes of action to recover damages for fraud and civil conspiracy. We affirm.

Where a contract is written in clear, unambiguous language, the court should not go to outside sources for interpretation (4 Williston, Contracts § 602A, at 325-334 [3d ed 1961]). The plaintiff seeks a full explanation of how the defendants' appraiser arrived at a valuation of the property. The agreement makes no provision for such an explanation and calls only for the appointment of appraisers by the parties. The parties have performed these duties. The appraisals have been made; neither the purchaser nor the seller objects to the method of determining the market value of the property. It is now for them to complete the transaction.

The Supreme Court correctly dismissed the causes of action to recover damages for fraud and civil conspiracy. There is no tort to recover damages for civil conspiracy *(Gould v Community Health Plan,* 99 AD2d 479). Further, the plaintiff has failed to set forth any specific acts on the defendants' part which make out an independent actionable tort. Nor has the plaintiff made out a cause of action sounding in fraud. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.