■ SORAYA LATIFF, an Infant, by Her Mother and Natural Guardian, ALICIA LATIFF, et al., Respondents, v WYCKOFF HEIGHTS HOSPITAL et al., Defendants, and ALVIN N. EDEN, Appellant.—In a medical malpractice action, the defendant Alvin N. Eden appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated August 27, 1987, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant and the action against the remaining defendant is severed.

The motion papers of the appellant claimed that he had no recollection of ever treating or examining the infant plaintiff and a review of the hospital records indicated that he had never made an entry on the patient's charts. In opposition the infant plaintiff's attorneys submitted an affirmation in which they alleged that there was a question of fact as to whether the appellant had ever treated the infant plaintiff since his name appeared twice on her hospital records. They further claimed that even if the appellant had never treated the infant plaintiff he was still liable in his position of Director of Pediatrics of Wyckoff Heights Hospital for having failed to promulgate rules and regulations on the care and monitoring of newborn infants. To support this claim the plaintiffs submitted an affidavit by a Dr. Morrison Levbarg which indicated that it was a gross deviation from then accepted medical practice for the hospital and attending doctors not to have tested blood glucose and calcium levels of the infant plaintiff immediately after her birth. The court dismissed the complaint against the codefendant Dr. D'Avienzo but reserved decision on the appellant's motion pending the receipt of

additional affidavits from the parties "as to [appellant's] treatment or non-treatment" of the infant plaintiff.

The appellant submitted an affidavit in which he stated that he had no recollection of ever treating or examining the infant plaintiff. He further stated that his review of her hospital records revealed that he never made any entries on her charts. With regard to the two times his name appeared on her charts, once in September 1970 and once in November 1971, he gave reasons for its appearance which were unrelated to any actual treatment of the infant. In her affidavit the infant plaintiff's mother alleged that she could not recall whether the appellant ever treated her daughter, but she alleged that during a clinic visit in 1970 she was introduced to the Director of Pediatrics who she believed discussed her daughter's case with the examining doctor. The court without opinion denied the appellant's summary judgment motion.

Where as here the appellant physician has made a prima facie showing that he did not treat or examine the infant plaintiff, the plaintiffs must come forward with evidentiary facts to rebut the physician's showing that he or she was not negligent *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325). The fact that the appellant's name appeared twice on the infant plaintiff's hospital records is not sufficient to defeat his prima facie showing that he was not negligent, absent some evidentiary facts that he did in fact treat her *(see, Buonagurio v Drago,* 65 AD2d 830). The mother's allegation that she "believed" the appellant may have discussed her daughter's case with the examining physician on one occasion is not sufficient to create a triable issue of fact *(see, Alvarez v Prospect Hosp., supra).* Moreover, although the plaintiffs allege that the malpractice in question occurred over a period beginning in October 1969 and ending in February 1972, it is clear from Dr. Levbarg's affidavit that the alleged proximate cause of her injuries was the failure of the hospital and the attending doctors to take blood glucose levels in the 48 hours following her birth in October 1969, a time period in which there is absolutely no evidence that the appellant saw or examined her.

There is also no proof in the record that the appellant as Director of Pediatrics committed any negligent act or omission by failing to promulgate rules and regulations for the care and monitoring of newborns *(see, Ellis v Brookdale Hosp. Med. Center,* 122 AD2d 19). The authority to promulgate such rules and regulations lies initially with the hospital itself *(see, Wilson v McCarthy,* 57 AD2d 617; *Maxwell v Cole,* 126 Misc 2d

597) and where, as here, there is no evidence that such authority was delegated to the appellant, there is no basis for imposing liability upon him *(see, Wilson v McCarthy, supra; Maxwell v Cole, supra).* Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.