■ JOHN GOULDSBURY et al., Respondents, v DAN'S SUPREME SUPERMARKET, INC., Appellant and Third-Party Plaintiff-Appellant. ROBERT BOMBARA et al., Third-Party Defendants-Appellants.—In an action to recover damages for fraud, the third-party defendants appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated December 1, 1988, which denied their cross motion for summary judgment dismissing the complaint and third-party complaint, and the defendant and third-party plaintiff Dan's Supreme Supermarket, Inc. cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, the motion and cross motion are granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the defendant and the third-party defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiffs seek to recover damages for fraud allegedly perpetrated by the defendant Dan's Supreme Supermarket, Inc. (hereafter Dan's). The plaintiffs contend that Dan's intentionally concealed the identity of Richard Hagstrom, who constructed a ramp on which the plaintiff John Gouldsbury allegedly fell, in order to deprive the plaintiffs of their cause of action against Mr. Hagstrom.

On May 3, 1980, John Gouldsbury, a meat cutter employed by the defendant, while carrying four saddles of veal, allegedly slipped and fell on a wooden ramp in the meat department leading from the refrigerator to the meat cutting floor. In May 1982 the plaintiffs commenced a negligence action

against Dan's in the Supreme Court, Queens County (hereafter the underlying action). Since Dan's was Mr. Gouldsbury's employer, it had the benefit of the affirmative defense of the Workers' Compensation Law. It is apparent that the underlying action was brought against the defendant employer in order to obtain information as to third parties who might be potential defendants. In particular, the plaintiffs wanted to ascertain the name of the person who constructed the ramp. On August 18, 1983, Peter Schrader, an employee of Dan's, testified at an examination before trial that he had installed the ramp.

In December 1985 the plaintiffs commenced the instant action sounding in fraud, alleging that the defendant intentionally misrepresented that its employee Schrader had constructed the ramp when it knew that a nonemployee independent contractor named Richard Hagstrom had, in fact, built that structure. Stated simply, the plaintiffs contend that as a result of the fraudulent misrepresentation as to the true person who built the ramp, they were unable to obtain this information before the Statute of Limitations had expired as against Hagstrom.

In April 1987 Dan's brought a third-party action against the third-party defendants who were its attorneys in the underlying action. Dan's moved for summary judgment dismissing the complaint and the third-party defendant cross-moved for summary judgment dismissing the complaint and the third-party complaint, which motion and cross motion were denied by the Supreme Court on the ground that the plaintiffs had raised triable issues of fact. We disagree.

Insofar as the first cause of action purports to plead a cause of action sounding in civil conspiracy, it is insufficient to state a cause of action. "[A] mere conspiracy to commit a [tort] is never of itself a cause of action" (*Brackett v Griswold,* 112 NY 454, 467; *see also, Alexander & Alexander v Fritzen,* 68 NY2d 968; *Green v Davies,* 182 NY 499; *Manning v Beck,* 129 NY 1, 11; *Arcy Paint Co. v Resnick,* 134 AD2d 392). Allegations of conspiracy are permitted only to connect the conduct of separate defendants with an otherwise actionable tort *(see, SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328). Accordingly, the first cause of action sounding in civil conspiracy is dismissed.

To establish a cause of action sounding in fraud, the plaintiffs must establish the following elements: (1) misrepresentation of a material fact; (2) scienter; (3) justifiable reliance; and

(4) injury or damages *(see, Masella v Leemilt's Flatbush Ave.,* 112 AD2d 1027; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467; *Brown v Lockwood,* 76 AD2d 721, 730; 24 NY Jur, Fraud and Deceit, § 14).

We find that the plaintiffs failed to raise triable issues with regard to two of the elements constituting the tort of fraud, namely, justifiable reliance and damages. First, the record precludes a finding of justifiable reliance. The purported fraudulent misrepresentation concerned statements made by Dan's that the ramp was built by one of its own employees. However, the plaintiff John Gouldsbury testified at an examination before trial that he saw the ramp being installed by the independent contractor Hagstrom. His testimony was:

"Q I would like to take you back to the time before your accident happened and after you started working for Dan's again in this store, the period between 1978 and 1980.

"You mentioned that the work that was done on the floor of the walk-in box took approximately two days. Is that correct?

"A Yes, as best I can remember it was two days.

"Q I think you also testified that you were present for both of those two days; is that correct?

"A Yes.

"Q Who was actually doing the work, the actual physical work on the floor of the walk-in box during those two days?

"A As I said, I don't know the two younger fellows, the ones I said were about 20 years old. They were assisting Dick Hagstrom.

"Q Could you describe Mr. Hagstrom for me physically?

"A Yes. He's rather tall, I would say he's about six foot. He's got blond hair, balding. At the time he had a beard, a fuzzy beard. It was a full beard. * * *

"Q Did you actually see at any time the installation of the ramp?

"A Yes, absolutely. * * *

"Q Can you tell me who you saw installing the ramp?

"A Primarily Dick Hagstrom. I remember that specifically because I inquired as to what he was doing when he started to do the ramp itself".

Because the plaintiff, by his own admission, witnessed the independent contractor installing the ramp and was aware of his identity at that time, there could be no justifiable reliance on the alleged misrepresentation that an employee of Dan's did the work *(see, Danann Realty Corp. v Harris,* 5 NY2d 317,

322; *113-14 Owners Corp. v Gertz,* 123 AD2d 850; *Royal Am. Managers v IRC Holding Corp.,* 885 F2d 1011; *Cudemo v Al & Lou Constr. Co.,* 54 AD2d 995).

Second, the plaintiffs failed to establish a triable issue of fact as to damages as a result of the alleged fraudulent misrepresentation. In order to recover damages for fraud, the plaintiffs were required to show that if the defendant had not made the misrepresentation, they would have sued Hagstrom and recovered against him. The purported negligence of Hagstrom could only be that he designed or constructed a defective ramp. The record is barren, however, of any such evidence. The negligent maintenance of a slippery ramp would be the responsibility of Dan's rather than that of Hagstrom. Since two essential elements are absent, as a matter of law, the second and third causes of action sounding in fraud must be dismissed.

With regard to the third cause of action, if the allegations can also be viewed as purporting to allege a cause of action sounding in prima facie tort, that cause of action is insufficient as a matter of law in that it fails to allege that the action complained of was solely motivated by malice, nor is there any evidence in the record that such was the case *(see, e.g., Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *Curiano v Suozzi,* 63 NY2d 113, 117; *SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, *supra; Drago v Buonagurio,* 89 AD2d 682; *Morrison v National Broadcasting Co.,* 24 AD2d 284, 287; *Dalton v Union Bank,* 134 AD2d 174; *Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate,* 129 AD2d 488).

The fourth cause of action brought on behalf of the plaintiff Jacqueline Gouldsbury to recover damages for loss of consortium is time barred since it is derivative of John Gouldsbury's underlying cause of action to recover damages for personal injuries (CPLR 214 [5]; *see, Rothfarb v Brookdale Hosp.,* 139 AD2d 720).

Accordingly, the complaint and third-party complaint are dismissed in their entirety. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.