■ SHARON HOMMEL, Respondent, v DENTAL CARE SERVICES, P. C., et al., Appellants. (And Another Related Action.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered March 15, 1989 in Albany County, which granted plaintiff's motion to compel defendant to disclose information requested at an examination before trial.

In this malpractice action to recover for allegedly unskilled orthodontic and periodontal treatment furnished during a period spanning approximately five years and commencing April 13, 1979, defendant Richard A. Rainka, one of the attending dentists, was examined before trial. During his examination, he was unable to answer a number of questions which plaintiff's counsel put to him, but indicated he would supply the requested information at a later date. Part of that information was not forthcoming because, in defense counsel's view, it was irrelevant and would require tremendous effort to obtain. A motion by plaintiff to compel disclosure of the unsupplied information made pursuant to CPLR 3124 followed and was granted.

The moving papers read in conjunction with plaintiff's brief make clear that plaintiff seeks information regarding this defendant, namely, the average number of patients Rainka personally treated daily in April 1979, the number of days and

hours he personally worked during 1979, the number of patients he personally treated from 1979 through 1984, the number of patients prior to April 13, 1979 for whom he provided orthodontic and periodontal treatment, as well as the number of patients he referred to other specialists during that period for either periodontal or orthodontic treatment. As the answers elicited by these inquiries may be relevant with respect to Rainka's competency to diagnose and treat plaintiff's dental condition, the questions are permissible *(see, Wilson v McCarthy,* 57 AD2d 617). And given that Rainka agreed at the deposition to provide these answers, it is only an imagined difficulty, asserted by defense counsel without any basis in the record, that doing so will prove unduly burdensome; as such it does not warrant denying plaintiff's motion.

Plaintiff also sought to have Rainka produce copies of any advertisements which he had published in Albany newspapers for six months prior to the date of plaintiff's first visit. The proper procedure to secure production of the advertisements is by way of CPLR 3120.

Order modified, on the law, without costs, by deleting so much thereof as directed defendant Richard A. Rainka to produce the advertisements for the six-month period prior to April 13, 1979, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

