■ PANAGIOTIS FOTIADIS, Respondent, v 313 W. 57TH ASSOCIATES, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered September 12, 1990, which, *inter alia,* granted defendant's motion for summary judgment to the extent of declaring an agreement entitled "LANDLORD'S CONSENT TO ASSIGNMENT" to

be valid, and that plaintiff has the right to possession of the subject premises if the lease was not otherwise terminated, unanimously affirmed, with costs.

Plaintiff contends that, as tenant, he assigned his leasehold interest in the subject premises as part of a sale of his restaurant business, in connection with which plaintiff was given a security interest in all fixtures, equipment and chattels and, as additional collateral, an assignment of the assignee's interest in the lease. By a written agreement dated June 5, 1984 entitled "LANDLORD'S CONSENT TO ASSIGNMENT", defendant consented to the assignment, and further agreed that the assignment of the lease be held in escrow, and acknowledged that plaintiff had taken back a reassignment "for security purposes".

A notice to cure certain defects was thereafter served on the assignee as well as on plaintiff. The assignee commenced a related action seeking a declaratory judgment that it was not in default. A *Yellowstone* injunction was granted in that action, and thereafter vacated at which time defendant served a notice of termination on the assignee as well as plaintiff. The premises were not vacated and defendant was granted permission to amend its answer to allege a counterclaim for ejectment. Defendant then moved for a default judgment, which was granted and the matter set down for inquest. The assignee moved to vacate the default, and for reargument, which motion was *sub judice* at the time the determination herein was made.

Plaintiff commenced this action to stay the related action, for a preliminary injunction enjoining defendant from executing on any judgment granting it possession of the premises, as well as for monetary damages. Defendant counterclaimed for a declaratory judgment that the transfer of the security interest was an illegal assignment and the surrender of premises by the assignee to plaintiff was ineffective. The court dismissed plaintiff's complaint and granted declaratory relief on defendant's counterclaims, but concluded that defendant, in consenting to a reassignment for security purposes, had also consented to an assignment of the assignee's possessory interest in the lease to plaintiff.

Ordinarily, a security agreement on a lease will only create a lien and not an assignment *(see, City of New York v Hudes,* 29 NYS2d 274, *lv denied* 262 App Div 964), whereupon an order dispossessing the tenant terminates the lien *(see, Hoffman Brewing Co. v Wuttge,* 234 NY 469). Here, however,

defendant had knowledge of the assignment for security purposes and specifically consented thereto. To hold that such assignment would not permit re-entry by plaintiff would render the agreement meaningless. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.