■ 313 West 57 Rest. Corp. et al., Respondents, v 313 West 57th Associates, Respondent. Panagiotis Fotiadis, Counterclaim Defendant-Appellant. [603 NYS2d 482] —Order and judgment (one paper), Supreme Court, New York County (Myriam Altman, J.), entered October 22, 1992, which, insofar as appealed from, ejected appellant from respondent's premises, unanimously affirmed, without costs.

We agree with the IAS Court that appellant's failure to post the bond first directed in the order of September 10, 1991 until April 10, 1992 is an unexcused default warranting judgment against him. Even if that order was not "clear and unambiguous", appellant failed again to post the bond within the extended time he was given in the order dated February 28, 1992. Although the latter order was not entered until March 16, 1992, there is no showing that the mailing practices of the IAS Court did not leave appellant with adequate time to meet the March 16, 1992 deadline for posting the bond. Moreover, on appellant's appeal from the order of September 10, 1991, he displayed none of the confusion he now claims, but argued that the bond was onerous and inappropriate because the sums due had not been established. Given this default, it was not an abuse of discretion to award possession of the premises to respondent. While we did previously hold that appellant "has the right to possession of the subject premises if the lease was not otherwise terminated" *(Fotiadis v 313 W. 57th Assocs.,* 176 AD2d 565, 566), the record in fact shows that the lease was terminated. Appellant's arguments to the contrary, which are directed at the IAS Court's order entered March 16, 1992, *inter alia,* denying in part his motion for summary judgment, do not take into account that the sufficiency of the notice to cure, vis-à-vis was never finally decided. Plaintiff was evicted because it did not pay use and occupancy, not because of its failure to cure. Stated differently, while this Court's previous rulings support appellant's argument that his rights are not wholly dependent on the now ejected plaintiff's rights, whatever independent rights appellant may have had were properly extinguished by the IAS Court in the circumstances presented. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.