■ 61 WEST 62ND OWNERS CORP., Respondent, v HARKNESS APARTMENT OWNERS CORP. et al., Defendants, and CONTINENTAL REALTY CREDIT, INC., Appellant. [609 NYS2d 226] —Order and judgment (one paper), Supreme Court, New York County (Burton Sherman, J.), entered December 1, 1992, *inter alia,* ejecting defendant Harklease Corp. from the subject premises and awarding possession to plaintiff, and bringing up for review an order, same court and Justice, entered August 21, 1992, which granted defendant-appellant's motion to reargue a prior order, same court and Justice, entered April 24, 1992,

ejecting defendant Harklease Corp., and, upon reargument, stayed ejectment upon condition that appellant pay plaintiff $113,473.50 use and occupancy and furnish a $300,000 bond as security for its potential liability for other arrears, unanimously affirmed, with costs. The appeal from the order of August 21, 1992 is unanimously dismissed as superseded by the appeal from the judgment of December 1, 1992, without costs.

Appellant's argument that as a mortgagee out of possession it cannot be held liable to pay arrears for use and occupancy or post a bond to secure the tenant's other obligations was not raised in the IAS Court and may not be considered for the first time on appeal *(Lichtman v Grossbard,* 73 NY2d 792). It was not an abuse of discretion for the court to condition the granting of appellant's motion to reargue, which, in effect, sought injunctive relief against Harklease's ejectment, upon the payment of use and occupancy and the posting of a bond *(see, Standard Fashion Co. v Siegel-Cooper Co.,* 157 NY 60, 67; *Matter of Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13). A party claiming a security interest in a lease must, as a condition for asserting its rights in the litigation, comply with the court's directions to maintain the status quo or lose its interest in the property *(see, 313 W. 57 Rest. Corp. v 313 W. 57th Assocs.,* 186 AD2d 466, 194 AD2d 477, 198 AD2d 159). The order and judgment of December 1, 1992 properly ejected Harklease after appellant failed to comply with the order of August 21, 1992 subject to appellant's "rights, if any", which would have included the opportunity, as mortgagee, to demand a new lease upon payment of all sums due. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.