■ EVAN SNYDER, Respondent, v ALBANY MEDICAL CENTER HOSPITAL, Appellant. [615 NYS2d 139] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered July 29, 1993 in Albany County, which denied defendant's motion for summary judgment dismissing plaintiff's fifth cause of action.

In a complaint asserting several causes of action, plaintiff charges that defendant, a private hospital, through its employees, acted tortiously and in violation of his civil rights when, shortly after his arrival at defendant's emergency room in February 1979, plaintiff was admitted to its mental health unit on an involuntary and emergency basis, and was thereafter placed in seclusion, in leg and arm restraints, and allegedly subjected to various kinds of mistreatment. The issue on appeal, as limited by defendant's brief, is whether, as defendant maintains, Supreme Court should have granted summary judgment dismissing plaintiff's fifth cause of action brought pursuant to 42 USC § 1983.

Defendant claims that Supreme Court erred when it found that, in attempting to treat and control plaintiff, defendant's employees were acting "under color of state law", so as to render defendant liable under 42 USC § 1983.* We find cogent the analysis set forth by the District Courts in *Rubenstein v Benedictine Hosp.* (790 F Supp 396 [ND NY 1992]) and *Ruffler v Phelps Mem. Hosp.* (453 F Supp 1062 [SD NY 1978]), cases involving like fact patterns and the same statutory scheme in effect here. The thrust of that analysis is that defendant, and similarly situated hospitals, are able to involuntarily detain patients such as plaintiff only because the State has granted them that power *(see, Rubenstein v Benedictine Hosp., supra,* at 405), and that in exercising that power and providing the care and treatment that necessarily follows, they are undertaking a responsibility which, although delegated to private hospitals under the statutory and regulatory scheme of New

---

* Defendant also attempts to raise, for the first· time, the question of whether plaintiff's due process rights were, in fact, violated. As this argument was neither raised at nor addressed by Supreme Court, it is not properly before this Court.

York's Mental Hygiene Law, is clearly one that, in the absence of such explicit delegation, would be reserved to the State itself *(see, Ruffler v Phelps Mem. Hosp., supra,* at 1068). As noted in *Rubenstein v Benedictine Hosp. (supra,* at 404), in New York at least, "the involuntary commitment decision is one that would satisfy either the 'public function' or the 'close nexus' test" for determining whether a particular activity constitutes "state action". Denial of defendant's motion was accordingly fully justified.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

