OPINION OF THE COURT
Patrick Henry, J.
Motion by defendant Smith to dismiss the complaint as against her, pursuant to CPLR 3211, or, in the alternative, for summary judgment pursuant to CPLR 3212, is denied except to the extent indicated herein.
This is an action for false imprisonment and for violation of plaintiffs constitutional and civil rights (42 USC § 1983) stemming from her brief involuntary confinement at Kings Park Psychiatric Center, a State institution. Defendant Smith is licensed by the State of New York, through the Office of Mental Health, as a "family care provider”. As such, she was paid by the State to provide food, clothing, minimal supervision and shelter in her home to the plaintiff, a mentally disabled person. The complaint alleges that, on the day of the incident, the plaintiff arrived home and was met by Smith, Smith’s daughter, a friend of Smith’s, members of the Kings Park Psychiatric Center Crisis Unit and police officers from the Town of Riverhead. General allegations were made to the police and to the Crisis Unit that the plaintiff was suicidal, which she denied. Even in the absence of any behavior to indicate that she was *605 suicidal, the plaintiff says, the police transported her involuntarily to Kings Park Psychiatric Center where she was detained against her will for at least two hours. The complaint further alleges that Smith either called the police department and the Crisis Unit, or she used their presence, because she believed that if the plaintiff were hospitalized at Kings Park, she (Smith) would no longer have to serve as plaintiff’s family care provider at least for a while.
In support of the instant motion, defendant Smith contends that, since this suit is against her in her private capacity and since there is no evidence that she is or was a representative of the State or acted under color of State law, there is no requisite State action to support the section 1983 claim.
In opposition to defendant’s motion, the plaintiff argues that (1) defendant Smith conspired with codefendant Town of River-head (a) to falsely imprison her and (b) to violate her constitutional and civil rights; (2) defendant Smith is directly liable for the tort of false imprisonment; and (3) defendant Smith is directly liable for violating her constitutional and civil rights because she was acting, at all relevant times, under color of State law.*
More particularly, plaintiff’s theory of liability against defendant Smith is, simply, that Smith was planning a vacation and so she needed to board the plaintiff elsewhere for a little while. Her accusations to the Town police about the plaintiff were false, or at least grossly exaggerated, and designed solely to get the plaintiff out of her house for the vacation period.
Manifestly, the plaintiff states a cause of action against defendant Smith for false imprisonment (the second cause of action), and defendant’s instant motion is denied as to that cause of action.
As for the third cause of action, based on conspiracy between the two defendants, there is, of course, no independent tort of civil conspiracy recognized in New York (Ferguson v *606 Meridian Distrib. Servs., 155 AD2d 642 [2d Dept 1989]). However, if a conspiracy is shown, it will connect the conduct of separate defendants with an otherwise actionable tort — e.g., violation of constitutional or civil rights — and make all defendants mutual agents of each other (Gouldsbury v Dan’s Supreme Supermarket, 154 AD2d 509 [2d Dept 1989]). Thus, through a conspiracy, defendant Town of Riverhead could be found to have violated plaintiffs constitutional or civil rights based on the conduct of codefendant/coconspirator Smith, whether or not Smith was acting under color of State law.
By definition, however, a conspiracy necessarily implies an agreement (see, Ferguson v Meridian Distrib. Servs., supra). In this case, that would mean Smith took the Town police into her confidence and they agreed the plaintiff would be institutionalized until Smith returned from vacation. There is nothing in the EBT testimony or elsewhere in the record to support this claim; nor, indeed, does the plaintiff even make such a claim. That the two defendants may have acted in unplanned concert, or that the police may have acted at Smith’s behest, does not make a conspiratorial agreement.
Plaintiff’s claim against either defendant based on a conspiracy theory — i.e., the third cause of action — is hereby dismissed.
We address now the knottiest question: whether or not this record articulates, as a matter of law, that defendant Smith was — or was no — acting at all relevant times under color of State law.
The conduct of a private entity is considered State action when the State has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity, or when there is a sufficiently close nexus between the State and the challenged action that the private party’s action may be fairly treated as that of the State itself (Carroll v Blinken, 42 F3d 122, 131 [2d Cir 1994]).
These principles, often restated, were applied, after exhaustive precedential analysis, to the acts of a private hospital, and private physicians, in their function in the involuntary civil commitment of mental patients (see, Rubenstein v Benedictine Hosp., 790 F Supp 396 [ND NY 1992]). In such a situation, there is, unlike the case, at hand, no formal or official State action at all. Nevertheless, the court noted, a mentally disabled person may not, by statute, "be detained, deprived of his liberty, or otherwise confined without lawful authority” (Mental Hygiene Law § 31.19 [a] [emphasis added]).
*607 Rubenstein (supra) has expressly been adopted in New York (see, Snyder v Albany Med. Ctr. Hosp., 206 AD2d 816 [3d Dept 1994]).
On the basis of Rubenstein (supra) and the authorities cited therein, we hold that defendant Smith engaged in State action in her alleged conduct. Accordingly, her motion to dismiss is denied as to her direct liability for violation of plaintiff’s constitutional or civil rights — i.e., the first cause of action.
We recognize that a false police arrest at the instance of a private complainant will not sustain a section 1983 action against the complainant (see, e.g., Lee v Town of Estes Park, Colo., 820 F2d 1112 [10th Cir 1987]). In such a situation, the police officer, not the private citizen, makes the decision to arrest, even where the complainant may be insistent. The State relies on the complainant only to the extent that it weighs his word as an apparent eyewitness to a crime. Conversely, in the case at bar, the police probably relied — indeed, rightly should have relied — on Smith’s perceived knowledge and experience as a caretaker for the mentally disabled, authorized and licensed by the State to act as such.
Even more important, once the State has assumed the care of a mentally disabled person, that person needs — and therefore deserves — protection from incidents such as this, more than those of us gifted with a sound mind.
We recognize here the discrete issue of financial accountability for damages. We reemphasize that defendants Smith and Town of Riverhead are not coconspirators or mutual agents, and so liability may be based against Smith only for her own conduct, and liability may be based against the Town only for its own conduct, i.e., the acts of its police officers.

 In order to do equity on this motion, we construe the complaint in the most liberal terms as follows. We deem the first cause of action, for violation of plaintiff s constitutional and civil rights, to be asserted against defendant Smith, as well as against defendant Town of Riverhead, even though the complaint does not say so. Similarly, we deem the second cause of action, for false imprisonment, to be asserted against defendant Smith, as well as against defendant Town of Riverhead, even though the complaint does not say so. The third cause of action, as stated, sounds in conspiracy against defendant Smith only, not against the Town — an inherent inconsistency. However, in light of our holding, infra, that there was no conspiracy, this inconsistency is immaterial.