OPINION OF THE COURT
Howard Berler, J.
Motion for an order awarding, inter alia, summary judgment is granted and the action is dismissed as to defendant, Craig Lamont Smestad.
*645 This is a medical malpractice action in which plaintiffs have claimed damages for personal injuries sustained by plaintiff, Ronald Thomas, due to the alleged medical malpractice of the defendants during emergency room treatment at defendant, Good Samaritan Hospital, in April 1993. Plaintiffs claim that defendants failed to diagnose a sinus infection in Mr. Thomas, resulting in a brain abscess and the need for surgical procedures.
The gravamen of defendant Smestad’s contention is that he never treated or even saw plaintiff and that the only place his name appears on the record for plaintiff is on the "addressograph” portion of the record. However, he also notes that his name appears on all "addressographs” for all emergency room patients in his capacity as the director of emergency services at Good Samaritan Hospital Medical Center. This, he asserts, is the only reason his name appeared in the patient’s records. Thus, defendant Smestad has made a prima facie showing that he did not treat or examine plaintiff and the mere fact that said physician’s name appeared on the "addressograph” does not sufficiently defeat his prima facie showing that he was not negligent (Latiff v Wyckoff Hgts. Hosp., 144 AD2d 650 [2d Dept 1988]). In opposition to this motion, plaintiffs do not challenge Dr. Smestad’s statements that he never treated the patient, and, thus, he cannot be held to be negligent in relation to the treatment of the patient. Instead, plaintiffs have attempted to assert vicarious liability type arguments concerning Dr. Smestad’s capacity as the director of emergency services at the hospital. Dr. Smestad is employed by defendant hospital. Therefore, if the basis of plaintiff’s claims against Dr. Smestad relate entirely to vicarious liability, there is no viable action against Dr. Smestad since he was acting as an employee of the hospital and the hospital would be held to be vicariously liable for Dr. Smestad’s actions under the doctrine of respondeat superior. The court is not aware of any authority which permits the imposition of liability against the director of a medical department in a hospital without proof of a negligent act or omission on his part whether acting in a treating or supervising capacity. In fact, the weight of authority is to the contrary (Ellis v Brookdale Hosp. Med. Ctr., 122 AD2d 19 [2d Dept 1986]; Buonagurio v Drago, 65 AD2d 830 [3d Dept 1978]). In opposition, plaintiffs have not submitted evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of this action (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, Dr. Smes *646 tad’s motion for summary judgment seeking to be dismissed as a defendant to this action is granted in all respects and his court-ordered deposition is cancelled; and it is further ordered that the motion for an order pursuant to CPLR 3103 (a) declaring that Fred Landon, the risk manager of defendant, Good Samaritan Hospital, need not appear for an examination before trial, is granted, the court adopting the reasoning of Hon. Lester Gerard in Loughlin v Safina (Sup Ct, Suffolk County, index No. 18323/94, July 18, 1995) that an officer who does not have personal knowledge of the facts of the case who has verified a pleading should not be required to testify before trial. Thus, the court amends the preliminary conference order of May 5, 1995, which directed his appearance; and it is further ordered that the cross motion is granted to the extent that defendant, N. Pirache, shall appear for deposition at the offices of plaintiffs’ counsel on February 16, 1996. In all other respects, the cross motion is denied in accordance with the above.