**36** MICHAEL STOICA, Plaintiff, v ANDRE J. PIERRE et al., Defendants. (Index No. 11784/84.) MICHAEL STOICA, Appellant, v ANDRE J. PIERRE et al., Defendants, and DAVID SCHONHOLZ, Respondent. (Index No. 21184/93.) [646 NYS2d 450] —In an action to recover damages for medical malpractice in which two complaints under separate index numbers were filed (Index Nos. 11784/84 and 21184/93), the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 22, 1995, as granted the cross motion of the defendant David Schonholz (named as a defendant only in the complaint filed under Index No. 21184/93) for summary judgment dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court, dated September 19, 1995, which dismissed, the complaint under Index No. 21184/93 insofar as asserted against the defendant David Schonholz, and dismissed that complaint in its entirety.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the defendant David Schonholz presented a prima facie showing of entitlement to

judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff did not submit evidentiary facts or materials to demonstrate the existence of a triable issue *(see, Zuckerman v City of New York, supra).* There is no basis for imposing liability on Schonholz *(see, Latiff v Wyckoff Hgts. Hosp.,* 144 AD2d 650). Therefore, the complaint under Index No. 21184/93 was properly dismissed insofar as asserted against Schonholz and in its entirety in light of the prior pending complaint filed under Index No. 11784/89. Rosenblatt, J. P., Miller, Ritter and Altman, JJ., concur.