■ ALBERT GALAPO, Appellant, v ABRAHAM FEINBERG et al., Defendants, 86 ORCHARD STREET Co., Respondent, and MAJESTIC HOSIERY & SPORTSWEAR, INC., Appellant. [699 NYS2d 344] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about October 1, 1998, which, to the extent appealed from, granted the cross motion by defendant 86 Orchard Street Co. for summary judgment dismissing the complaint and the cross claims asserted against it, while denying both the motion by plaintiff and the cross motion by Majestic Hosiery & Sportswear, Inc. for declaratory relief to enforce their purported rights of first refusal to purchase the subject property, unanimously affirmed, without costs.

Plaintiff's former lease accorded him a right to purchase the premises only on condition that he had not defaulted on any of the lease terms "whether or not notice of default shall have been given". Thus, although defendant landlord never declared plaintiff to be in default and continued to accept rent from him, albeit in a unilaterally reduced amount, the nonpayment of the prescribed rent sufficed as a ground to deny plaintiff the option to purchase the property. In any event, an option to purchase

contained in a lease is, unless expressly reaffirmed in a subsequent lease or extension thereof, only valid during the term of the original lease (*see, Gulf Oil Corp. v Buram Realty Co.*, 11 NY2d 223, 226; *Matter of Lazarus v Flournoy*, 28 AD2d 685), which, in this case, had expired. Plaintiff, therefore, no longer had any right to purchase at the time that he purported to exercise the option, and the fact that defendant's attorney mistakenly sent him a letter reminding plaintiff of the option contained in the original lease did not serve to revive the option. Moreover, even if counsel's communication had the effect of restoring the option, the ensuing warrant of eviction, predicated upon plaintiff's nonpayment of rent, canceled any rights that plaintiff may still have possessed as a result of his month-to-month tenancy (*see*, RPAPL 749 [3]; *313 W. 57 Rest. Corp. v 313 W. 57th Assocs.*, 198 AD2d 159, *lv dismissed* 83 NY2d 952).

As for defendant Majestic Hosiery & Sportswear, Inc., the other tenant in the subject building, it conceded in open court that it had not timely exercised its right of first refusal, and "it is well settled that in order to validly exercise an option to purchase real property, one must strictly adhere to the terms and conditions of the option agreement" (*Weissman v Adler*, 187 AD2d 647, 648).

We have considered appellants' remaining arguments and find them unavailing. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.