*499 In an action, inter alia, for specific performance to enforce a right of first refusal to purchase real property, the plaintiffs appeal, as limited by their notice of appeal and brief, (1) from stated portions of an order of the Supreme Court, Suffolk County (Eerier, J.), dated July 3, 2002, which, inter alia, granted that branch of the motion of the defendant Bellport Building, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiffs forfeited their right of first refusal by defaulting on the terms of the lease and, upon searching the record, granted summary judgment to the defendants Antonio Sciretta and Marilyn Venterina dismissing portions of the complaint insofar as asserted against them, and (2) from so much of an order of the same court entered February 24, 2003, as, upon reargument, adhered to the original determination.
Ordered that the appeal from the order dated July 3, 2002, is dismissed, as that order was superseded by the order entered February 24, 2003, made upon reargument; and it is further,
Ordered that the order entered February 24, 2003, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In 1998 the plaintiffs tenants, Thomas Schultz and David Green (hereinafter the plaintiffs), entered into a lease with the defendant Nancy Ljungqvist, who later assigned the lease to the defendant Bellport Building, Inc. The lease accorded the plaintiffs the right to purchase the subject premises on condition that they were not in default of any of the terms, conditions, or covenants contained in the lease. The lease further provided that if the plaintiffs caused such a default, or breached any term, condition, or covenant contained in the lease, then the right of first refusal would immediately terminate, “regardless of any action Landlord takes or Landlord’s failure to act pursuant to Tenant’s option hereunder.” Thus, although the landlord never formally declared the plaintiffs to be in default until they sought to exercise their right of first refusal, the plaintiffs’ violations of those provisions of the lease pertaining to their obligation to maintain insurance and the prohibition against assigning the lease without the prior written consent of the landlord sufficed as grounds to deny them the option to purchase the property (see LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54 [1989]; D.A.D. Rest, v Anthony Operating Corp., 139 AD2d 485, 486 [1988]; O’Rourke v Carlton, 286 AD2d 427 [2001]; Galapo v Feinberg, 266 AD2d 150 [1999]).
The plaintiffs’ remaining contentions are without merit. Santucci, J.E, Luciano, Schmidt and Cozier, JJ., concur.