INWOOD PARK APARTMENTS, INC., Respondent, v COINMACH INDUSTRIES Co., Appellant. [801 NYS2d 893]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about October 13, 2004, which, to the extent appealed from as limited by defendant's brief, granted that part of plaintiff's motion seeking summary judgment upon its fourth cause of action and a declaration that the right of first refusal in the subject lease constitutes an unreasonable restraint on the alienation of property, unanimously affirmed, with costs.

The principle that a right of first refusal is only valid during the term of the original lease "unless expressly reaffirmed in a subsequent lease or extension thereof" (*Galapo v Feinberg*, 266 AD2d 150, 151 [1999]) does not save the right upon which defendant relies, since that right under the subject lease, if not exercised by defendant prior to the lease's expiration, may be exercised indefinitely thereafter and without limitation as to the time within which the exercise is accomplished. Permitting defendant such a temporally unrestricted right would constitute an unreasonable restraint upon the alienation of property (*see Omath Holding Co. v City of New York*, 149 AD2d 179, 184-185 [1989]; *cf. Wildenstein & Co. v Wallis*, 79 NY2d 641 [1992]; *Allen v Biltmore Tissue Corp.*, 2 NY2d 534, 542 [1957]), and is not justifiable by reference to some salutary underlying purpose (*see Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156 [1986]; *Symphony Space v Pergola Props.*, 214 AD2d 66

[1995], *affd* 88 NY2d 466 [1996]), for none is evident. We perceive no beneficial purpose to be served by effectively requiring plaintiff residential cooperative to retain defendant's laundry room services indefinitely, regardless of their quality.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Sweeny, JJ. [*See* 6 Misc 3d 246.]