# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**183**

**CA 10-01721**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

ALEXANDROS TSOULIS,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                        MEMORANDUM AND ORDER

ABBOTT BROS. II STEAK OUT, INC.,
DEFENDANT-APPELLANT-RESPONDENT.

---

PETRALIA, WEBB & O'CONNELL, P.C., ROCHESTER (ARNOLD R. PETRALIA OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Ontario County (Frederick G. Reed, A.J.), entered April 8, 2010 in a
breach of contract action.  The order denied the motion of defendant
and cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
cross motion for summary judgment on the cause of action for specific
performance of the option to purchase and directing the parties to
obtain a third appraisal to establish the price of the real property,
and as modified the order is affirmed with costs.

Memorandum:  Plaintiff commenced this action for, inter alia,
specific performance of an option to purchase real property contained
in the parties' lease agreement.  Defendant appeals and plaintiff
cross appeals from an order denying defendant's motion for summary
judgment dismissing the complaint and denying plaintiff's cross motion
for summary judgment on the complaint.  Addressing first the cross
appeal, we agree with plaintiff that Supreme Court erred in denying
that part of the cross motion for summary judgment on the cause of
action for specific performance of the option to purchase, and we
therefore modify the order accordingly.

Pursuant to the option to purchase, plaintiff was required to pay
rent, perform all other covenants in the lease agreement and notify
defendant, in writing and during the term of the lease agreement, of
his intention to exercise the option at least 60 days prior to the
purchase.  "[I]t is well settled that in order to validly exercise an
option to purchase real property, one must strictly adhere to the
terms and conditions of the option agreement" (*Weissman v Adler*, 187

AD2d 647, 648; *see Galapo v Feinberg*, 266 AD2d 150).  Here, the record establishes that plaintiff complied with the conditions precedent and thus validly exercised the option to purchase (*see Kaygreen Realty Co., LLC v IG Second Generation Partners, LP*, 78 AD3d 1010, 1014; *cf. Galapo*, 266 AD2d 150; *see generally* 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 20:21, at 131 [4th ed]).  We further conclude that plaintiff substantially and properly performed the terms and conditions of the option to purchase and that he is therefore entitled to specific performance (*see generally Arcy Paint Co. v Resnick*, 134 AD2d 392).  We reject plaintiff's contention, however, that he is entitled to a credit for rent paid.  Here, the lease agreement specifically provided that "[m]onthly rent shall continue to be paid by [plaintiff] after exercising [the] option [to purchase] and until closing [of the sale]" (*see Bostwick v Frankfield*, 74 NY 207, 212-213; *Barbarita v Shilling*, 111 AD2d 200, 201-202).

Contrary to defendant's contention on his appeal, the court properly denied his motion.  Defendant's contention that plaintiff breached the option to purchase by failing to produce a formal contract within 60 days of notifying defendant of his intention to exercise the option to purchase is without merit.  Furthermore, plaintiff was unable to execute such a contract based on defendant's improper conduct, including its withholding of two appraisal reports from plaintiff.  Defendant further contends that the option to purchase constituted an unenforceable agreement to agree because the parties required the execution of a formal contract.  We reject that contention inasmuch as the parties' lease agreement embodied all of the essential elements of the option to purchase (*see Sabetfard v Djavaheri Realty Corp.*, 18 AD3d 640, 641).  Contrary to defendant's contention, plaintiff's failure to obtain a third appraisal of the property in question is not fatal to the option to purchase.  Indeed, the record establishes that defendant withheld its two appraisals from plaintiff, and thus defendant is at fault for the failure to obtain the third appraisal.  We therefore further modify the order by directing the parties to obtain the third appraisal to establish the price of the property in question (*see generally Arcy Paint Co.*, 134 AD2d 392).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 25, 2011                     Patricia L. Morgan
                                             Clerk of the Court