SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**214**
**CA 12-00708**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.
_____

ALEXANDROS TSOULIS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ABBOTT BROS. II STEAK OUT, INC.,
DEFENDANT-APPELLANT.
_____

PETRALIA, WEBB & O'CONNELL, P.C., ROCHESTER (ARNOLD R. PETRALIA OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.
-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered February 15, 2012. The order,
among other things, denied the motion of defendant for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action for, inter alia,
specific performance of an option to purchase real property contained
in the parties' lease agreement. In a prior appeal, this Court
modified the order of Supreme Court by granting plaintiff's cross
motion for specific performance of the option to purchase and
directing the parties to obtain a third appraisal to establish the
price of the subject real property, including the building located
thereon (property) (*Tsoulis v Abbott Bros. II Steak Out, Inc.*, 82 AD3d
1612, 1612). Thereafter, defendant moved for summary judgment
dismissing the complaint, contending that plaintiff forfeited his
rights under the option to purchase by failing to pay rent for the
property after August 2011 and by allegedly damaging the property by,
inter alia, removing fixtures and equipment. Plaintiff cross-moved
for summary judgment on the complaint and for an order directing that
he is entitled to specific performance of the option to purchase and
to an appraisal of the property in compliance with this Court's prior
order (*id.* at 1614). The court denied the motion and granted the
cross motion, and defendant appeals.

We note as background that, on August 22, 2011, defendant's
attorney sent a letter to plaintiff's attorney in which he asserted
that plaintiff never signed a lease renewal with respect to the
property and that, even if a lease renewal had been signed, the

renewal term would have expired on July 31, 2011 (August 2011 letter). Therefore, according to defendant, plaintiff was a "holdover" tenant having a "month[-]to[-]month" tenancy. The record demonstrates that plaintiff continued to occupy the property and to pay rent until August 25, 2011.

Notwithstanding the August 2011 letter, defendant contends that plaintiff breached the option to purchase and forfeited his rights thereunder by failing to pay rent after August 2011. We reject that contention. In our previous order, we determined that plaintiff had validly exercised the option to purchase and that plaintiff was still obligated to pay rent pursuant to the lease agreement, which did not merge with the purchase contract for the property (*id.* at 1613; *see Bostwick v Frankfield*, 74 NY 207, 212-213). Inasmuch as defendant notified plaintiff that the lease agreement had expired and that plaintiff's tenancy continued on only a month-to-month basis, plaintiff was not obligated to pay rent after August 25, 2011, i.e., the date he vacated the property, and thus plaintiff did not breach the option to purchase by failing to make such payments.

We reject defendant's further contention that the court erred in denying its motion because plaintiff damaged the property by, inter alia, removing fixtures and equipment. Initially, we note that defendant has not asserted a counterclaim with respect to the alleged damages to the property. In any event, plaintiff submitted competent evidence disputing defendant's damage claims and thus raised triable issues of fact on the motion. Further, plaintiff submitted the expert affidavit of an appraiser who opined that, notwithstanding defendant's damage claims, the real property and contents of the building could still be valued and appraised as of 2004—a date preceding those claims and accepted by defendant.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  April 26, 2013                         Frances E. Cafarell
                                                 Clerk of the Court