McMillan v Marengo (2021 NY Slip Op 05777)





McMillan v Marengo


2021 NY Slip Op 05777


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 20462/20 Appeal No. 14442-14442A Case No. 2021-00734 2021-00754 

[*1]Valeria McMillan et al., Plaintiffs-Appellants,
v
Christopher Marengo, as Administrator of the Estate of Jack Colbert, Deceased, Defendant-Respondent.


LePatner & Associates LLP, New York (Harry J. Petchesky of counsel), for appellants.
Gerard J. White, Malverne, for respondent.



Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered December 15, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 2, 2021, which granted plaintiff's motion to reargue defendant's motion and, upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic.
Plaintiffs' right to exercise the option to purchase the house they were renting was valid only during the term of their two-year lease and did not extend to the time they remained in possession as month-to-month tenants, under what the lease called a "new tenancy" (see Gulf Oil Corp. v Buram Realty Co., 11 NY2d 223, 226-227 [1962]; Matter of Lazarus v Flournoy, 28 AD2d 685 [2d Dept 1967]). The lease expressly provided that "[the] Option may be exercised at any time prior to the end of the term of the Lease" (see Galapo v Feinberg, 266 AD2d 150, 150-151 [1st Dept 1999]). It is undisputed that plaintiffs did not seek to exercise the option to purchase the property prior to the lease term's expiration on December 31, 2014.
Plaintiffs' reliance on the lease provision that the new tenancy created after the two-year lease expired was "subject to all the terms and conditions of this Lease" is misplaced. Since the lease was not timely renewed pursuant to the terms of lease, and the option to buy, by its own terms, was dependent upon the validity of the lease, the option to buy terminated when the lease expired.
Plaintiffs' estoppel argument is unavailing. There was no unambiguous promise by defendant, no reasonable and foreseeable reliance by plaintiffs on any promise, and no injury based on any reliance (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]; Bakas v Penny, 70 AD2d 648 [2d Dept 1979]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021